UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARAKA NORWOOD,

    Petitioner,

v.                                      Case No. 2:14-cv-00009
                                            HON. GORDON J. QUIST

DUNCAN MACLAREN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Baraka Norwood, filed this petition for writ of habeas corpus challenging his jury conviction for two counts of armed robbery and one count of possession of a firearm while committing a felony.  Petitioner was sentenced to 175 months to 40 years for the armed robbery convictions and 24 four months for the conviction of possessing a firearm while committing a felony.  Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.

        Petitioner alleges that:

        I.  It was constitutional error for the court to deny Petitioner's motion to suppress where the police office had no reason to believe that observation of Petitioner's vehicle was "suspicious criminal activity" warranting police investigation and intrusion where the observed activity consisted of a vehicle lawfully moving from a convenience store to a gas station where Petitioner purchased cigarettes.

        II.  Petitioner was denied due process and a fair trial where the prosecution through the use of an extrinsic/intrinsic fraud allowed a police witness to commit perjury and suppressed material record concerning its investigation derived by prosecution/police witness. The trial court relied on erroneous information; thus, the falsity of

information was fraud on the court which infected Petitioner's trial and defense.

III. Petitioner was denied the effective assistance of counsel, where counsel failed to consult his client, conduct a thorough pre-trial investigation and obtain evidence favorable to the defense, whereby the cumulative effect of these errors prejudiced defendant's trial, thereby denying him due process and a fair trial.

IV. Petitioner was denied the effective assistance of appellate counsel where counsel failed to file issues of a claim of ineffective assistance of trial counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams*

*v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that it was constitutional error for the court to deny his motion to suppress where the police officer had no reason to believe that observation of Petitioner's vehicle was "suspicious criminal activity" warranting police investigation and intrusion. Petitioner raised this Fourth Amendment claim at the trial stage, on appeal, and in a Motion for Relief from Judgment under Mich. Ct. R. 6.500, *et seq.* PageID.1728-1729, ECF No. 12-17; PageID.1794, ECF No. 12-18; PageID.2040, 2048-2050, ECF No. 12-20. Petitioner's claim was rejected by Michigan courts on every level.

In the opinion of the undersigned, Petitioner's claim is subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id.* at 526 (footnote omitted).

The record reveals no reason why petitioner would have been prevented from raising his Fourth Amendment claims in the state courts. Indeed, petitioner did have the opportunity to raise these issues in the state courts where they were rejected. Accordingly, in the opinion of the undersigned, petitioner is precluded from raising this claim under the rule announced in *Stone v. Powell*.

Petitioner claims that he was denied due process and a fair trial where the prosecution through the use of an extrinsic/intrinsic fraud allowed a police witness to commit perjury and suppressed material record concerning its investigation derived by prosecution/police witness which negatively affected Petitioner's trial.

Since Petitioner first raised this claim of prosecutorial misconduct in his Motion for Relief from Judgment under Mich. Ct. R. 6.500, *et seq.*, but not on direct appeal, the trial court examining Petitioner's motion could have declined to grant relief to Petitioner pursuant to Mich. Ct. R. 6.508(D), unless Petitioner had demonstrated "(a) good cause for failure to raise such grounds on appeal ..., and (b) actual prejudice from the alleged irregularities that support the claim for relief." Mich. Ct. R. 6.508(D)(3).

Respondent argues that, since this rule "constitutes an independent and adequate ground for procedural default purposes" in the Sixth Circuit, Petitioner procedurally defaulted on his prosecutorial misconduct claim. PageID.303, ECF No. 11 (citing *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005)). Respondent concludes that federal habeas "review of the claim[] is barred." *Id.*

However, in *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking Mich. Ct. R. 6.508(D) are unexplained orders within the meaning of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). Such form orders are presumed to uphold or reject the last reasoned decision below. *Guilmette*, 624 F.3d at 291-92 (citing *Ylst*, 501 U.S. at 803). As a result, absent an explained decision from some Michigan court applying Rule 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of Mich. Ct. R. 6.508(D).

Respondent's argument that Petitioner's claim of prosecutorial misconduct is barred from federal habeas review because Petitioner procedurally defaulted on this claim fails under these authorities. The trial court examining Petitioner's Motion for Relief cited Mich. Ct. R. 6.508(D). PageID.2046, ECF No. 12-20. However, it never applied this procedural rule to any of Petitioner's claims. Instead, it denied each claim on the merits. PageID.2047-2055, ECF No. 12-20.

Therefore, Respondent's claim that the state trial court "denied relief because Norwood failed to establish good cause and actual prejudice" (PageID.304, ECF No. 12-20) is not warranted by the record because the trial court never addressed Petitioner's failure to demonstrate good cause and actual prejudice under Mich. Ct. R. 6.508(D)(3)(a)-(b). Accordingly, in the opinion of the undersigned, federal courts are not barred from reviewing Petitioner's prosecutorial misconduct claim on the merits.

The trial court examining Petitioner's Motion for relief from judgment divided Petitioner's claim of prosecutorial misconduct into claims of perjury and suppression of documents. Rejecting Petitioner's claim of perjury, the court stated:

> "Perjury" is an intentional, knowing falsehood made under oath. CJI 2d 14.1, 14.2. It is an *intentionally* false statement. *People v. Hoag*, 89 Mich App 611, 619 (1979) (emphasis added). The burden of proof is on the defendant to show that a witness testimony was actually perjured. *US v. Lochmondy*, 890 F2d 817[, 822] (6th Cir Mich [1989]). And any alleged perjury must amount to more than mere inconsistencies in testimony and the prosecutor must knowingly use the perjured testimony to obtain the conviction. See *People v. Wright*, unpublished, 2010 Mich App LEXIS 2503.
>
> Defendant alleges a perjury in this case was committed when Officer Hernandez testified that there was no surveillance equipment installed in the squad car the night of the incident in Defendant Norwood's Eaton County case, but later testified that there was in fact surveillance equipment installed in the squad car.
>
> Defendant also points to testimony by the Officer in which she states that the basis for the stop was based on no particular suspicion and then later that it was a suspicion or a hunch.
>
> However, these transgressions appear to be mere inconsistencies in testimony and immaterial to Defendant's cause. He has made no showing that the equipment was activated the night of the incident nor has he made any showing that if it was activated that it would have provided footage that would have made it more likely than not that Defendant was innocent of the crimes he has been convicted of. The inconsistencies with regard to the in-car cameras and whether a traffic stop occurred were explainable, understandable, and clearly unintentional where the testimony in question occurred almost two years from the date of the first Motion to Suppress and Officer Hernandez had been asked repeatedly to testify after having been awake for many hours.
>
> Even if the Defendant was able to show that these statements were more than mere inconsistencies, Defendant has failed to show that they were material to his cause or that they were relied upon by the Prosecuting Attorney.

Circuit Court for the County of Eaton Opinion, PageID.2047-2048, ECF No. 12-20 (footnotes omitted).

In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life[, liberty,] or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).

In order to establish a due process violation based upon the presentation of false or misleading testimony or evidence, a petitioner must show that the prosecutor knowingly elicited false material evidence. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir.1998). Mere inconsistencies in testimony fails to establish knowing use of false testimony. *Id.* As noted above, the Due Process Clause merely gives an accused person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Martinez*, 444 U.S. at 284, n.9. Petitioner has shown at most minor inconsistencies in Officer Hernandez's testimony. Petitioner had the opportunity to cross examine the witness and to have the jury weigh the credibility of the witness. In the opinion of the undersigned, Officer Hernandez's testimony was not perjurious and, thus, did not violate due process.

Accordingly, the Michigan Circuit Court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as

determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

> Rejecting Petitioner's claim of suppression of evidence, the trial court stated:
>
> Defendant also points to the "suppressed records" of the incident. Specifically: (1) Perry PD Officer Hernandez Daily Activity Report, (2) Shiawassee County Central Dispatch E-911 Event Report #08-01783-Officer R. Hernandez, (3) Shiawassee County Central Dispatch E-911 Event Report# 08-04987 - Dep. Kevin Day (4) Shiawassee County Office Field Report# 08-04987 - Dep. Kevin Day, and (5) Perry Police Department Policy – Subject: In Car Video System.
>
> The test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63-64 (2007) (*citation omitted*). And in terms of suppressed evidence, defendant bears the burden of showing that the evidence was exculpatory or that the police acted in bad faith. *People v Johnson*, 197 Mich App 362, 365 (1992) (*citing People v Leo*, 188 Mich App 417, 427 (1991)).
>
> Defendant submits these documents as proof of perjury for the fact that Officer Hernandez continued to report a "traffic stop" at the time of the incident in question occurred [sic] and that video equipment was installed in the car prior to the stop in question. However, Defendant has not demonstrated that the Eaton County Prosecutor possessed the documents Defendant obtained through FOIA, let alone suppressed the documents in bad faith.
>
> ...
>
> As for the equipment installed in the cruiser at the time of the encounter, testimony submitted by Officer Hernandez indicates that she was either not aware of the presence of the equipment at the time of the incident or that she was aware of the equipment but that she was without training. Either way, there has been no evidence submitted that the video equipment was activated at the time of the encounter or that any evidence was captured at that time if it was turned on. And while the activation of the overhead lights would have activated this camera, there was testimony submitted that the lights were not activated at the time of the interaction.

For these reasons, Defendant's argument must fail.

Circuit Court for the County of Eaton Opinion, PageID.2050-2052, ECF No. 12-20 (footnote omitted).

In order to establish a due process violation based upon suppression of evidence by the prosecution, a petitioner must show that the prosecution suppressed evidence that "is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "There are three components of a true *Brady* violation: [1] The evidence at issue must be favorable to the accused ...; [2] that evidence must have been suppressed by the State, either wilfully or inadvertently; and [3] prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82. *See also United States v. Gaskin*, 587 Fed. Appx. 290, 294 (6th Cir. 2014).

Furthermore, under *Brady*, "the duty to disclose [favorable] evidence is applicable even though there has been no request by the accused. ... In order to comply with *Brady*, the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in [a given] case, including the police." *Strickler*, 527 U.S. at 280-81 (quotation marks omitted). However, "not every violation of that duty necessarily establishes that the outcome was unjust." *Id.* at 281.

Accordingly, in order for a petitioner to be entitled to habeas relief on the basis of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982)). In evaluating the

impact of the prosecutor's misconduct, a court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). The court also must consider the strength of the overall proof establishing guilt, whether the conduct was objected to by counsel and whether a curative instruction was given by the court. *See id.* at 12-13; *Darden*, 477 U.S. at 181-82; *Donnelly*, 416 U.S. at 646-47; *Berger v. United States*, 295 U.S. 78, 84-85 (1935).

Petitioner, in his 2012 Application for Leave to Appeal the trial court's denial of his motion for relief judgment, claims that the documents recited by the trial court in its opinion denying his motion for relief from judgment, were "suppressed" by the prosecution and "were favorable to his defense." PageID.2068-2069, ECF No. 12-20. However, he fails to demonstrate that these documents were exculpatory. Petitioner fails to demonstrate that this failure was prejudicial to his cause and resulted in an unfair trial in view of the overall proof establishing Petitioner's guilt, including Petitioner's own admission of involvement in the crime. PageID.1728, ECF 12-17.

Petitioner furthermore claims that the prosecution suppressed taped evidence of his encounter with Officer Hernandez without providing any evidence that such evidence existed. PageID.2075, ECF No. 12-20. In fact, he implicitly acknowledges that it did not exist by stating that Officer Hernandez "failed to adhere to this provision of the [police department's] camera policy" that allegedly required her to record the type of encounter she had with Petitioner. *Id.* Moreover, Plaintiff fails to show that the officer's failure to adhere to policy produced exculpatory evidence or resulted in suppression of that evidence by either the officer or the prosecution.

In the opinion of the undersigned, the Michigan Circuit Court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he was denied the effective assistance of counsel where counsel failed to consult his client, conduct a thorough pre-trial investigation, and obtain evidence favorable to the defense, whereby the cumulative effect of these errors prejudiced petitioner's trial, thereby denying him due process and a fair trial.

The trial court, when examining Petitioner's Motion for Relief, rejected Petitioner's claim stating:

> Counsel is presumed to have provided effective assistance, and the defendant must overcome a strong presumption that counsel's assistance was sound trial strategy. The defendant must show that his counsel's failure to prepare for trial resulted in counsel's ignorance of, and hence failure to present, valuable evidence that would have substantially benefitted the defendant. A Defendant [sic] alleging that counsel was ineffective must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 694 (1984). Whether a person has been denied the effective assistance of counsel is a mixed question of facts and constitutional law: a judge must first find the facts and then must decide whether those facts established a violation of defendant's constitutional right to the effective assistance of counsel. *People v Grant*, 470 Mich 477, 484 (2004). Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trail [sic] strategy. *People v Rockney*, 237 Mich App 74, 76-77 (1999) (citing *People v Mitchell*, 454 Mich 145, 164 (1997)).
>
> Defendant Norwood contends that he is entitled to such relief because defense counsel failed to conduct a reasonable pre-trial investigation, failed to interview or call *res gestae* witnesses, the Defense [sic] was impeded by the Prosecutor's [sic] failure to provide discovery, and Defense Counsel [sic] failed to adhere to reasonable advice and information in regard to his client's version of arrest and the arresting

> officer. Defendant contends that but for this performance of counsel, there was a reasonable likelihood that the jury would have reached a different verdict. Defendant further contends that had counsel done a thorough pre-trial investigation, he would have been able to preserve the DVD recordings and preserve evidence of the alleged traffic stop.
>
> Defendant's assertion that the witnesses were not called is supported with mere speculation that their testimony would have apprised this Court of new, material information. What's more, decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matter of trail [sic] strategy and Defendant has the burden of showing that this was not sound trial strategy. Mere speculation is not sufficient to meet such a burden.
>
> As noted earlier, there has been no showing that the [surveillance] equipment installed in the car was operating at the time of the encounter or that the equipment captured material evidence regarding this case. Defendant has made no showing that the recordings were made by the in-car equipment or that if they were, they would have captured footage relevant to the present motion. Additionally, and aside from Defendant's assertions, there have been no showings that the documents obtained through FOIA contained exculpatory evidence or that the reports were in the Prosecutor's [sic] possession at relevant times.
>
> As for reasonable advice and information in regard to Defendant's version of the arrest, it is the responsibility of trial counsel to determine what evidence to present and whether to call or question witnesses and while a right to effective assistance of counsel is recognized, a difference of opinion as to trial tactics does *not* amount to ineffective assistance of counsel.

Circuit Court for the County of Eaton Opinion, PageID.2052-2054, ECF No. 12-20 (emphasis in original, footnotes and quotation marks omitted).[1]

To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel

---

[1] Respondent argues again that Petitioner's claim is procedurally defaulted. PageID.317, ECF No. 11. However, for the reasons stated above in the discussion of Petitioner's prosecutorial misconduct claim, this argument fails here as well.

guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

Petitioner's request for relief cannot be granted under these authorities because he has not submitted any material evidence to overcome the strong presumption that his counsel acted within the wide range of reasonable professional assistance. Moreover, Petitioner has not submitted any evidence demonstrating that the witnesses and documents that his trial counsel allegedly did not fully use in Petitioner's defense caused prejudice. In the opinion of the undersigned, the Michigan Circuit Court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he was denied the effective assistance of appellate counsel where counsel failed to file to assert a claim of ineffective assistance of trial counsel. The trial court examining Petitioner's Motion to Reconsider rejected Petitioner's claim stating:

> The same legal standards, presumptions and burdens cited in the previous section apply here and are incorporated by reference. And the failure to raise every arguable appellate issue is *not* ineffective representation. *People v Reed*, 449 Mich 375, 378 (1995).
>
> Defendant argues that he is entitled to such relief because Appellate Counsel [sic] knew or should have known that Officer Hernandez committed "perjury" in the Defendant's case and that Appellate Counsel only relitigated issues that had been argued previously in the trial court.
>
> For the same reasons as previously stated, this argument must also fail.

Circuit Court for the County of Eaton Opinion, PageID.2052-2054, ECF No. 12-20 (emphasis in original, footnotes omitted).[2] In the opinion of the undersigned, the Michigan Circuit Court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

---

[2] Respondent argues again that Petitioner's claim is procedurally defaulted. PageID.327, ECF No. 11. However, for the reasons stated above in the discussion of Petitioner's prosecutorial misconduct claim, this argument fails here as well. Commenting on the applicability of the procedural default rule to claims of ineffective appellate counsel, the Sixth Circuit explained: "The procedural-default rule stated by Rule 6.508(D)(3) applies only to claims that could have been brought on direct appeal, and thus – by necessity – it does not apply to claims of ineffective assistance of *appellate* counsel." *Guilmette*, 624 F.3d 286, 291 (emphasis in original).

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 22, 2016